Case 2:20-cv-00023-MKD    ECF No. 11    filed 05/22/20    PageID.81    Page 1 of 9

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 22, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICHOLAS C.,[1] <br><br> Plaintiff, <br><br> vs. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:20-CV-00023-MKD <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND CLOSING THE FILE** <br><br> **ECF No. 8** |

Before the Court is Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1). ECF No. 8. The parties consented to proceed before a magistrate judge. ECF No. 4. For the reasons discussed below, the Court grants Defendant's motion, ECF No. 8.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

# BACKGROUND

On January 14, 2020, Plaintiff filed a complaint pursuant to the Social Security Act, 42 U.S.C. § 405(g), challenging the Social Security Commissioner's (Defendant) final decision denying Plaintiff's application for disability benefits. ECF No. 1. On April 6, 2020, Defendant filed the instant motion seeking dismissal under Federal Rule of Civil Procedure 12(b)(1) because Plaintiff failed to bring this action within 60 days of receiving notice of the Commissioner's final decision. ECF No. 8 at 1-2.

In support of the motion, Defendant submitted a declaration from Christianne Voegele of the Social Security Administration's Office of Appellate Operations, stating: (1) on December 4, 2018, an Administrative Law Judge issued a decision denying Plaintiff's claim for disability benefits; (2) Plaintiff subsequently requested review of the ALJ's decision; and (3) the Appeals Council sent Plaintiff a notice dated November 9, 2019 stating it was denying his request for review. ECF No. 8-1 at 3. The notice informed Plaintiff he had 60 days to file a civil action from the date of receipt of the notice and that receipt is presumed five days after the date on the notice. *Id*. at 27. Ms. Voegele stated Plaintiff did not request an extension of time to file a civil action as specified in the notice. *Id*. at 3-4.

ORDER - 2

Plaintiff did not timely respond to Defendant's motion. On May 1, 2020, the Court entered an order to show cause regarding Plaintiff's lack of response and the Court's authority to construe this as consent to entry of an order adverse to him under LCivR 7(e). ECF No. 9. Plaintiff responded, stating: "I have no reasonable objection for dismissing the claim for being filed one day too late. [Plaintiff] had lost contact with my office and we were not able to file any earlier." ECF No. 10 at 1.

## LEGAL STANDARD

An individual may obtain review of a final decision of the Commissioner of Social Security by commencing a civil action "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g); *accord* 42 U.S.C. § 1383(c)(3) (incorporating § 405(g) for Supplemental Security Income cases). The date of the "mailing" is defined as "[five] days after the date on such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). If a claimant does not file a civil action within the prescribed timeframe, he loses the right to judicial review. 20 C.F.R. § 404.900(b).

Defendant brings this motion pursuant to Federal Rule Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. ECF No. 8 at 1. However, the "60-day requirement is not jurisdictional, but rather constitutes a period of limitations."

ORDER - 3

*Bowen v. City of New York*, 476 U.S. 467, 478 (1986).  Therefore, Defendant's motion is properly the subject of a motion for failure to state a claim pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).  *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 n.2 (9th Cir. 1995) (explaining that because "the question whether [a] claim is barred by the statute of limitations is not a jurisdictional question, it should ... be raised through a Rule 12(b)(6) motion to dismiss for failure to state a claim, not a Rule 12(b)(1) motion to dismiss for lack of jurisdiction").

A Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d. 729, 732 (9th Cir. 2001).  In order to survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, [that states] 'a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v Twombly*, 550 U.S. 554, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  Because a Rule 12(b)(6) motion focuses on the sufficiency of the claim instead of the claim's substantive merits, "a court may [typically] look only at the face of the complaint to decide the motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).  The court must accept all material allegations of the complaint as true and must

ORDER - 4

construe them in the light most favorable to the plaintiff. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, a court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678.

If the court considers evidence outside the pleadings when ruling on a motion to dismiss, it must ordinarily convert the motion into a motion for summary judgment. Fed. R. Civ. P. 12(d); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The court "may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Here, Defendant submitted copies of the administrative law judge's (ALJ) decision and the Appeal Council's notice as exhibits to Ms. Voegele's declaration in support of the motion to dismiss. ECF No. 8-1. Given that Plaintiff is seeking judicial review of the ALJ's decision denying him benefits and the Appeals Council's denial of request for review, these decisions are essential to the complaint. The authenticity of these documents is not in dispute. As such, under the doctrine of incorporation by reference, the Court may properly consider the documents attached to the motion without converting the motion into one for summary judgment. *See U.S. v. Ritchie*, 342 F.3d at 908 ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint

ORDER - 5

if . . . the document forms the basis of the plaintiff's claim"); *see also Olga Y. v. Comm'r of Soc. Sec.*, Case No. 3:19-CV-5894-DWC, 2020 WL 468914, at *2 (W.D. Wash. Jan. 29, 2020) ("[T]he Exhibits [the ALJ decision and Appeals Council Denial of Review,] are ones upon which the Plaintiff's complaint depends, thus, the Court will consider them as incorporated by reference.").

## DISCUSSION

The Appeals Council's notice was dated November 9, 2019.  ECF No. 8-1 at 26.  The Commissioner is entitled to a presumption that Plaintiff received the notice within five days after the date on the notice.  20 C.F.R. § 422.210(c).  Plaintiff has not opposed the motion and has not presented evidence to show the notice was received more than five days after the date indicated.  ECF No. 10.  Accordingly, the complaint was to be filed no later than January 13, 2020.  42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c).  Plaintiff commenced this action on January 14, 2020.  ECF No. 1.

The statute of limitations period provided by Congress in 42 U.S.C. § 405(g) serves "to move cases to speedy resolution in a bureaucracy that processes millions of cases annually."  *Bowen*, 476 U.S. at 481.  Federal courts have strictly applied the time limitation.  *See, e.g., Tate v. United States*, 437 F.2d 88, 89 (9th Cir. 1971) (observing "[a] petition to review a decision of the [Commissioner] must be brought within the statutory time limit," and affirming the dismissal of a Social

ORDER - 6

Security complaint filed two days late); *Whipp v. Weinberger*, 505 F.2d 800 (6th Cir. 1974) (ordering dismissal of action for filing complaint one day late); *Fletcher v. Apfel*, 210 F.3d 510 (5th Cir. 2000) (affirming judgment in favor of the Commissioner where the claimant missed the statute of limitations by one day); *Davila v. Barnhart*, 225 F. Supp.2d 337, 340 (S.D.N.Y. 2002) (dismissing complaint although filed "only one day late," observing that "courts have not hesitated to enforce the 60-day period as a firm limit" [citations omitted]); *O'Neill v. Heckler*, 579 F. Supp. 979, 980-81 (E.D. Pa. 1984) ("[e]ven one day's delay in filing the action is fatal").

Although the court may extend the 60-day period under the doctrine of equitable tolling, *Bowen*, 476 U.S. at 480, the Ninth Circuit has held that equitable tolling "is a very high bar, and is reserved for rare cases." *Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014). Federal courts "have typically extended equitable relief only sparingly," such as "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). In general, "'a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way,'"

ORDER - 7

preventing timely filing. *Okafor v. United States*, 846 F.3d 337, 340 (9th Cir. 2017) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Here, Plaintiff's response indicates the reason for the late filing was because Plaintiff had lost contact with his attorney's office. ECF No. 10 at 1. Plaintiff does not urge the Court to apply equitable tolling. *Id.* Plaintiff's failure to request more time to file the civil action and the loss of contact with counsel does not demonstrate due diligence in preserving his rights. *Irwin*, 498 U.S. at 96 ("We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights."). Accordingly, equitable tolling does not apply.

The 60-day limitation period set forth in 42 U.S.C. § 405(g) bars review of the Commissioner's final decision denying Plaintiff's claim for benefits, and dismissal pursuant to Rule 12(b)(6) is warranted.

Defendant requests that this action be dismissed with prejudice. ECF No. 8-2. As a general rule, a court freely grants leave to amend a complaint that has been dismissed. Fed. R. Civ. P. 15(a). However, Plaintiff does not contest Defendant's motion, does not claim equitable tolling applies, and does not seek leave to amend the complaint. As it appears any amendment of the complaint would be futile, leave to amend is denied.

ORDER - 8

Accordingly; **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss, **ECF No. 8,** is **GRANTED**.

2. Plaintiff Complaint, ECF No. 1, and the claims therein are **DISMISSED** with prejudice.

3. The District Court Executive is directed to file this Order, furnish a copy to counsel, and **CLOSE THE FILE**.

DATED this May 22, 2020.

s/<u>*Mary K. Dimke*</u>
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 9